

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

**JEREMY GERALD,**

    Petitioner,

v.                                                      Civil Action No. **3:15CV362**

**E.B. SWIFT,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia detainee proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Petitioner is currently detained pursuant to a grand jury indictment filed on May 18, 2015 in the Spotsylvania Circuit Court. (§ 2254 Pet. 2.) Petitioner has not been convicted or sentenced. (*Id.*)

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). In this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531 n.5 (citing *Boumediene*, 553 U.S. at 793). Thus, "district courts 'should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.'" *Id.* (alteration in original) (quoting *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951)). "Relief for state pretrial detainees through a

federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973); *Younger v. Harris*, 401 U.S. 37, 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)); *see also Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (concluding "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review" (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987))).

Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition maybe resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand."). Petitioner has not yet been tried by the Circuit Court. Accordingly, by Memorandum Order entered on July 8, 2015, the Court directed Petitioner to show cause, within eleven (11) days of date of entry thereof, as to why his § 2241 Petition should not be dismissed for lack of exhaustion. Petitioner filed a Motion for an Extension of Time to file his response. The Court will GRANT the Motion (ECF No. 3) and will DEEM the Response (ECF No. 4) timely filed.

In his response, Petitioner fails to demonstrate that he has exhausted his state court remedies or that any exceptional circumstances would justify federal review. Instead, he

provides a lengthy discussion about the injustice of the criminal justice system and lodges complaint about his extradition and pre-trial detention. At most, Petitioner argues that "this Court should exclude the exhaustion requirement, intervene in the lower court proceedings and grant the Petitioner relief." (Resp. 14–15 (capitalization corrected).)

Here, the issues raised by Petitioner, in his § 2241 Petition, may be resolved either by (1) a trial on the merits in the Circuit Circuit, or (2) subsequent direct and collateral appeals. *See Gould v. Newport News*, No. 2:08cv465, 2008 WL 7182638, at *5 (E.D. Va. Nov. 5, 2008) (summarily dismissing habeas petition because the petitioner's grounds for habeas relief "could be defenses in his upcoming criminal prosecution"); *see also Williams v. Simmons*, No. 3:10CV709-HEH, 2011 WL 2493752, at *1–2 (E.D. Va. June 22, 2011) (dismissing without prejudice similar habeas petition by pretrial detainee). Accordingly, Petitioner's § 2241 Petition and the action will be DISMISSED WITHOUT PREJUDICE because he has failed to demonstrate that he has exhausted available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture.

A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 8-19-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge